JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Appellee Christopher W. Hensley had been issued his registration numbers and was serving his apprenticeship for licensure as an embalmer and funeral director. On March 29, 2000, appellant Board of Embalmers and Funeral Directors of Ohio ("the Board") issued a "charge letter" against Hensley's registration, accusing him of violating R.C. 4717.14(A)(4), which prohibits immoral and unprofessional conduct, and R.C. 4717.05(A)(1), which requires that all applicants be of good moral character. The Board had been made aware of the allegations against Hensley in February of 2000. The charges stemmed from Hensley's misappropriation, prior to 1998, of approximately $25,000 during his employment at his grandparents' funeral home. Hensley had admitted the misappropriation, completed a diversion program and made restitution. Hensley requested a hearing, which was scheduled for August 25, 2000, and then continued.
On August 30, 2000, Hensley submitted his application to obtain the embalmer and funeral-director licenses. The Board issued Hensley the licenses on September 8, 2000. For unknown reasons, the Board dismissed the charges against Hensley and then refiled them on September 19, 2000. On September 28, 2000, the Board issued an amended "charge letter" alleging the same violations as the initial "charge letter." The charges in the September 28 letter were lodged against his recently issued licenses.
Following a January 5, 2001, hearing, the Board's hearing examiner found that Hensley had violated R.C. 4717.14(A)(4) by engaging in immoral or unprofessional conduct. The hearing examiner did not find any violations of R.C. 4717.05(A)(1). The examiner also found that Hensley was not guilty of misappropriating approximately $13,000 of the $25,000 charged. The examiner recommended revocation of Hensley's licenses. The Board accepted the recommendation and revoked Hensley's licenses effective June 1, 2001.
Hensley appealed to the common pleas court. The magistrate affirmed the Board's decision, finding that it was supported by reliable, probative and substantial evidence and was in accordance with law. Hensley filed objections to the magistrate's decision. The trial court rejected the decision of the magistrate and reversed the Board's decision. The trial court held that R.C.4717.14(A)(4) did not cover conduct that had occurred before Hensley became an applicant or licensee, and, therefore, that the Board could not revoke Hensley's licenses based upon such conduct. The Board has appealed.
The Board's sole assignment of error alleges that the trial court erred in determining that its interpretation of R.C.4717.14(A)(4) was not in accordance with law.
R.C. 4717.05 precludes the Board from granting an embalmer's license or a funeral-director's license if it has not received satisfactory evidence that the applicant is of good moral character. In this case, the Board was well aware of Hensley's conduct before it issued his licenses, as evidenced by the March 29, 2000, "charge letter." In issuing the licenses to Hensley, the Board necessarily found that he was of good moral character in spite of the allegations against him. The Board decided to issue the licenses to Hensley in spite of the same conduct that it later relied on to revoke the licenses. The Board cannot have it both ways. If the conduct was severe enough to keep Hensley from obtaining the licenses, the Board should have rejected his applications.
It was unreasonable for the Board to use conduct about which it had full knowledge as a basis for revoking the licenses, when several months earlier it had granted the licenses in the face of the same conduct. If the Board had found that Hensley was of good moral character and met all the other qualifications of an applicant when it issued his licenses, its decision several months later to revoke the licenses based upon the same conduct could not have been based on reliable, probative and substantial evidence. The assignment of error is overruled.
Therefore, the judgment of the trial court reversing the Board's decision is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Painter, JJ.